```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
EZRASONS, INC.,                                             :
                                Plaintiff,                  :
                                                            :     21 Civ. 3165 (LGS)
                -against-                                   :
                                                            :     OPINION AND ORDER
THE TRAVELERS INDEMNITY CO.,                                :
                                Defendant.                  :
                                                            :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiff Ezrasons, Inc. brings this diversity action seeking a declaratory judgment and damages for breach of contract against Defendant Travelers Indemnity Company[1] for losses Plaintiff incurred as the result of an August 14, 2019, fire at a North Carolina warehouse. The sole issue in dispute is whether the fire occurred at an "Approved Location" subject to a $600,000 coverage limit or an "unnamed location" subject to a $250,000 coverage limit. Plaintiff and Defendant cross-move for summary judgment on Plaintiff's claims. For the reasons discussed below, Plaintiff's motion is denied, and Defendant's motion is granted.

I.   **BACKGROUND**

   A.   **Facts**

The background facts below are drawn from the parties' Rule 56.1 statements and other submissions on these motions. The facts are either undisputed or based on evidence in the record drawing all reasonable inferences in favor of the non-moving party. *See N.Y. State Teamsters Conf. Pension & Ret. Fund v. C & S Wholesale Grocers, Inc.*, 24 F.4th 163, 170 (2d Cir. 2022).

---

[1] According to Defendant, the proper Defendant should have been Travelers Property Casualty Company of America, which is in fact the Travelers entity that is party to the Policy at issue.

Plaintiff purchased Travelers Cargo Elite Policy number ZOC-12N83959-12-ND (the "Policy") from Defendant in 2009 to insure against loss to Plaintiff's goods and continued the Policy yearly.  The Policy was in effect at the time of the fire.  Plaintiff paid an additional premium each year for a "Processing and Warehouse" endorsement to protect against loss to goods in warehouses and processing facilities.

Effective December 12, 2016, Defendant added Endorsement No. 25 (the "Endorsement") to the Policy.  Section 5 of the Endorsement extends coverage to "goods and/or merchandise while temporarily detained in warehouse and/or processing locations" in the United States and Canada.  Section 12 of the Endorsement states that Defendant's liability under the Endorsement "shall not exceed the Limit of Insurance specified in the schedule of Approved Locations included in this endorsement or subsequent amendments."  Section 13, entitled "Approved Locations/Deductibles/Sublimits," includes a table listing "CHAMAD WAREHOUSE INC." at "371 Branch Street Marion, NC 28752" in the "Location" column, as depicted below:

### 13. Approved Locations/Deductibles/Sublimits

Each claim for loss or damage shall be separately adjusted and from the amount of each adjusted claim the sum of **$5,000 per occurrence** shall first be deducted.

This Company shall not be liable for more than the Limit(s) of Insurance:

| Location | Limit of Insurance | Annual Aggregate/Sublimits | Exclusions | Deductibles |
|---|---|---|---|---|
| 17601 S. Figueroa Street, Gardena CA 90248 | $6,000,000 | $2,250,000 Annual Aggregate Limit shall apply with respect to the perils of Windstorm, and $2,000,000 Annual Aggregate Limit shall apply with respect to the perils of Flood | Earthquake, EQSL | $5,000 per occurrence; except $25,000 Windstorm, and $50,000 for Flood |
| CHAMAD WAREHOUSE, INC. 371 Branch Street Marion, NC 28752 | $600,000 | $600,000 AA for the peril of Quake, EQLS, $600,000 AA for the peril of Flood and $600,000 AA for the peril of Windstorm | | $5,000 per occurrence; except $25,000 for Earthquake/EQSL, Flood and Windstorm |

Under a heading entitled "Unnamed Domestic Locations," Section 13 further provides: "If the Assured shall store any goods and/or merchandise in any public warehouse or processing center not listed above while this coverage is in force, this insurance shall automatically attach for an amount to exceeding $250,000 any one location **subject to a deductible of $5,000 per occurrence**."

On or about August 14, 2019, a fire destroyed more than $600,000 of Plaintiff's goods and merchandise in one of three warehouses owned by Chamad Warehouse, Inc. ("Chamad"). The parties dispute the address of the sole warehouse that was destroyed by the fire. Neither party contends that the fire took place at 371 Branch Street. Defendant argues that Chamad owns and operates three warehouse buildings located at 56 Branch Street (formerly numbered as 371 Branch Street), 160 Branch Street, and 1386 Virginia Road, and that the fire took place at the 1386 Virginia Road warehouse. Plaintiff asserts that the address for all three Chamad warehouses is 56 Branch Street (formerly numbered as 371 Branch Street), which represents a single 19.03-acre parcel of land on which all three warehouses sit.

**B.     Procedural History**

Plaintiff timely reported its loss from the fire to Defendant and submitted documentation in support of its $600,000 claim. On or about December 17, 2019, Defendant offered to pay $250,000 for Plaintiff's losses because the fire occurred at an "unnamed location."

On or about March 10, 2021, after unsuccessful attempts to resolve the coverage dispute, Plaintiff filed its complaint against Defendant in the Supreme Court of the State of New York, New York County. Defendant timely removed the case to this Court based on diversity jurisdiction.

## II.  SUMMARY JUDGMENT

### A.  Legal Standard

When parties cross-move for summary judgment, the Court analyzes the motions separately, "in each case construing the evidence in the light most favorable to the non-moving party." *Schwebel v. Crandall*, 967 F.3d 96, 102 (2d Cir. 2020). Summary judgment is appropriate where the record establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for a nonmoving party." *Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020) (quoting *SCR Joint Venture L.P. v. Warshawsky,* 559 F.3d 133, 137 (2d Cir. 2009)).

The parties do not dispute that New York law governs this dispute pursuant to the terms of the contract and applicable choice-of-law principles. *See In re Snyder*, 939 F.3d 92, 100 n.2 (2d Cir. 2019) ("[I]mplied consent is . . . sufficient to establish the applicable choice of law[.]" (quoting *Trikona Advisers Ltd. v. Chugh*, 846 F.3d 22, 31 (2d Cir. 2017)).

## III.  DISCUSSION

For the reasons stated below, Defendant is granted summary judgment, and Plaintiff's motion is denied.

Under New York law, "[a]n insurance agreement is subject to principles of contract interpretation." *Universal Am. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 37 N.E.3d 78, 80 (N.Y. 2015). As with the construction of contracts generally, "the court's initial task is to attempt to ascertain the parties' intent from the language of the insurance contract itself . . . constru[ing] the policy as a whole; all pertinent provisions of the policy should be given meaning, with due regard to the subject matter that is being insured and the purpose of the entire

contract." *Westchester Fire Ins. Co. v. Schorsch*, 129 N.Y.S.3d 67, 74 (1st Dep't 2020) (internal citation omitted). Courts must take care not to "make or vary the contract of insurance to accomplish its notions of abstract justice or moral obligation." *Keyspan Gas E. Corp. v. Munich Reinsurance Am., Inc.*, 96 N.E.3d 209, 216 (N.Y. 2018). "[U]nambiguous provisions of an insurance contract must be given their plain and ordinary meaning." *Gilbane Bldg. Co./TDX Constr. Corp. v. St. Paul Fire & Marine Ins. Co.*, 97 N.E.3d 711, 712-13 (N.Y. 2018) (internal quotation marks omitted). "[T]he court may not disregard the plain meaning of the policy's language in order to find an ambiguity where none exists." *Chiarello ex rel. Chiarello v. Rio*, 59 N.Y.S.3d 129, 131 (2d Dep't 2017). "[T]he issue of whether a provision is ambiguous is a question of law" and "focuses on the reasonable expectations of the average insured upon reading the policy." *Hansard v. Fed. Ins. Co.*, 46 N.Y.S.3d 163, 166 (2d Dep't 2017) (internal quotation marks and citations omitted).

Turning to the language of the Policy, Section 13 of the Endorsement unambiguously provides that Plaintiff is entitled to specified higher coverage limits at only two "Approved Locations," listed as 17601 S. Figueroa Street, Gardena, CA 90248, which is subject to a $6,000,000 limit, and Chamad Warehouse, Inc., 371 Branch Street, Marion, CA 28752, which is subject to a $600,000 limit. Losses at "any public warehouse or processing center not listed" are subject to a $250,000 coverage limit. Giving these words their plain and ordinary meanings, it is clear that the Policy contemplates the higher coverage limits at only the two addresses listed as "Approved Locations." Because neither party contends that the fire occurred at 371 Branch Street, Plaintiff is not entitled to the $600,000 limit for its loss.

Plaintiff argues that the higher coverage limit should apply because Defendant concedes that "371" Branch Street now refers to "56" Branch Street and all three of Chamad's warehouses

are located at "56" Branch Street on a single, 19.03-acre parcel of land. But the issue is not whether the higher limit applies to 371 Branch Street or 56 Branch Street. The issue is whether the higher limit applies to a warehouse located at 1386 Virginia Road. The Policy unambiguously provides that the limit applies to two specified locations, and 1386 Virginia Road is not one of them.

Plaintiff argues that the Policy's reference to "Chamad Warehouse, Inc., 371 Branch Street" includes all three Chamad warehouses, including the one at issue where the fire occurred. Plaintiff asserts that public records show that the three Chamad warehouses sit on a single parcel of land. Plaintiff further asserts that news agencies and county officials, as well as Chamad itself, refer to all three warehouses as "Chamad Warehouse" regardless of their street address. This argument fails because it relies on extrinsic or parol evidence. Such evidence "is not admissible to create an ambiguity in a written agreement which is complete and clear and unambiguous upon its face." *Donohue v. Cuomo*, No. 6, 2022 WL 397875, at *4 (N.Y. Feb. 10, 2022). Here, the Policy unambiguously provides the name and address of two "Approved Locations" subject to higher coverage amounts; neither address corresponds with the location where the Plaintiff alleges August 14, 2019, fire occurred. The argument also fails because it does not give "fair meaning to all of the language" in Section 13 and would leave the address listed in the provision -- 371 Branch Street -- "without force and effect." *See Fed. Ins. Co. v. Int'l Bus. Machs. Corp.*, 965 N.E.2d 934, 936 (N.Y. 2012). Accordingly, the fire occurred at an "unnamed location" and Plaintiff's losses are subject to a $250,000 limit.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion is denied, and Defendant's motion is granted.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 14 and 20.

Dated: March 14, 2022
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**